UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **DENNIS JACOBS,** | Civil Action No. 15-4826 (FLW) |
| Petitioner, | |
| v. | MEMORANDUM OPINION |
| **UNITED STATES OF AMERICA,** | |
| Respondent. | |

This matter having been brought before the Court on the Government's "Motion for Extension of Time to File Answer and for Limited Waiver of Attorney-Client Privilege." (ECF No. 8). It appearing that:

1.  Petitioner Dennis Jacobs filed a motion to vacate, set aside or modify sentence ("Petition") pursuant to 28 U.S.C. § 2255, and the Court screened the petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2255 Cases in the United States District Court, and directed the Government to file an Answer. (ECF No. 7);

2.  On November 2, 2015, the Government filed a "Motion for Extension of Time to File Answer and for Limited Waiver of Attorney-Client Privilege," seeking a limited waiver of attorney-client privilege with respect to Petitioner's allegations that his former defense counsel, David E. Shafer, Esq., provided ineffective assistance of counsel. The Government also sought a forty-five day extension of time to file its Answer. (ECF No. 8.)

3.  On November 11, 2015, the Court issued an Order, directing the Government to serve a copy of the motion papers on Petitioner and providing Petitioner with thirty days from the date of

such service to submit a response to the Government's motion.  The Government promptly served the motion papers on Petitioner.

    4.   Petitioner's subsequently submitted his response, which was docketed on December 1, 2015.  (ECF No. 11.)  Petitioner's response appears to address the substance of his underlying § 2255 petition and does not address the Government's motion for a limited waiver of attorney-client privilege.  With respect to the extension of time, Petitioner states: "Petitioner leaves it up to this Honorable Court to allow or not [allow] the Government an extension of time."  (ECF No. 11, Response at 3.)  As such, the Court considers the Government's motion to be unopposed.  In his reply, Petitioner has also requested that the Court provide him with a copy of his sentencing transcripts and has attached a letter from Schafer, which states that his "sentencing was never transcribed."  (*Id.* at 8.)

    5.   By alleging in his motion to vacate, set aside or correct sentence that he received ineffective assistance of counsel from Shafer, Petitioner has waived the attorney-client privilege with regard to the subject matter of the alleged ineffectiveness.  *See, e.g.*, *Lewis v. Ortiz*, No. 05-5832 FLW, 2007 WL 1467162, at *17 n.6  (D.N.J. May 11, 2007) ("Petitioner, having placed at issue conversations he had with counsel regarding plea negotiations, and whether counsel informed him of his eligibility for an extended sentence and what that extended sentence might be, has waived his attorney-client privilege as to relevant discussions with counsel"); *U.S. v. McQuilken*, Nos. 94–356–01, 97–6425, 2000 WL 1222151, *3 (E.D. Pa. Aug. 24, 2000) ("By alleging … that he had received ineffective assistance of counsel from Ziccardi, McQuilken waived the attorney-client privilege with regard to the subject matter of the alleged ineffectiveness, namely the decision to go to trial rather than accept the Government's plea agreement."); *see also In re Lott*, 424 F.3d 446, 452–53 (6th Cir. 2005); *Livingstone v. North*

*Belle Vernon Borough*, 91 F.3d 515, 537 (3d Cir. 1996) (finding that civil rights plaintiff had waived attorney-client privilege by putting criminal defense attorney's advice at issue). Therefore, the Court will grant the Government's motion for a limited waiver of attorney client privilege as to the issues of ineffective assistance of counsel raised in Petitioner's § 2255.

    6.  The Court will likewise grant the Government's request for a 45-day extension of time to respond to Petitioner's motion;

    7.  In light of the fact that no Answer has yet been filed, the Court will deny without prejudice Petitioner's request for copies of his sentencing transcript. Petitioner is free to raise this issue again by motion if the Government does not file a copy of the transcript with its Answer.[1]  An appropriate Order follows.

 

/s/ Freda L. Wolfson_____
Freda L. Wolfson, U.S.D.J.

Date: December 2, 2015

---

[1] By statute, 28 U.S.C. § 753(f), prisoners in § 2255 proceedings who have been granted *in forma pauperis* status are entitled to federal court transcripts at the expense of the United States if they demonstrate that their action is not frivolous and that the transcript is needed for disposition of the issues presented.