UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
DENNIS JACOBS,                        :
                                      :
         Petitioner,                  :      Civ. No. 15-4826 (FLW)
                                      :
    v.                                :
                                      :
UNITED STATES OF AMERICA,             :      **OPINION**
                                      :
         Respondent.                  :
_____   :

**FREDA L. WOLFSON, U.S.D.J.**

## I.     INTRODUCTION

Petitioner, Dennis Jacobs ("Jacobs"), commenced this proceeding by filing a Motion to Vacate, Set Aside, or Correct his criminal sentence, under 28 U.S.C. § 2255. (Mot., ECF No. 1; Am. Mot., ECF No. 6.) The Court denied his motion on September 15, 2017. (Op., ECF No. 23; Order, ECF No. 24.) Presently before the Court is a motion by Jacobs seeking relief from that Opinion and Order, under Federal Rule of Civil Procedure 60(b), which the Court also construes as a motion for reconsideration, in the alternative. (ECF No. 25.) Under Federal Rule of Civil Procedure 78, this motion is decided without oral argument, and, for the following reasons, the motion is DENIED.

## II.    BACKGROUND

As the Court's prior Opinion recited the underlying facts and procedural history in detail, only the most pertinent facts are repeated. In September 2011, the Police Department of the Port Authority of New York and New Jersey received a tip that M.E., a 17-year-old boy, had run away from his home in Italy, and was to be picked up at Newark Liberty International Airport by Jacobs, a convicted sex offender. (Ans., Ex. A, ECF No. 14-2.) It was confirmed that Jacobs

had two felony convictions for aggravated sexual contact with minor children; as a result of these convictions, he was subject to community supervision for life and was prohibited from having any contact with minors and from any internet access. (*Id.*) Police officers and FBI agents observed Jacobs meeting M.E. at the airport, whereupon they kissed and walked out to Jacobs's car together. (*Id.*) Jacobs was then arrested and M.E. was taken into custody by Customs and Border Patrol. (*Id.*) Although Jacobs initially declined consent to search his car, he subsequently relented, stating that it contained a computer with "evidence" on it. (*Id.*)

In an interview with agents, M.E. indicated that he had met Jacobs online and that they had exchanged sexually explicit photographs of themselves. (*Id.*) He explained that when they first began chatting, in February 2011, he told Jacobs that he was 18 years old, but that, in May of that year, he admitted that he was, in fact, only 16. (*Id.*) M.E. had previously come to visit Jacobs in July 2011, and he stated that they had engaged in oral and anal sex six or seven times during that visit. (*Id.*) M.E. alleged that, when he had proposed another visit, Jacobs had instructed him to alter the date on his birth certificate in an effort to avoid trouble. (*Id.*)

The following day, officers obtained search warrants for Jacobs's car and home. (Ans., Ex. E, ECF No. 14-6.) Upon executing these warrants, they seized a laptop computer, disc drives, media discs, digital cameras, and a cellular phone, among other things. (Ans., Ex. C.) Searches of these devices and discs, executed under communications data warrants, revealed instant messages between Jacobs and M.E. (*Id.*) A subsequent search of a storage unit, executed under a federal warrant, produced an additional computer and storage discs, and review of these items revealed 28 pornographic images of M.E., a video of him bathing, and 297 sexually explicit chats between Jacobs and M.E. (Ans., Ex. I, ECF No. 14-10.)

Jacobs was charged, in a federal criminal complaint, with one count of possession of child pornography, under 18 U.S.C. § 2252(a)(5)(B) and (b)(2). (Ans., Ex. J, ECF No. 14-11.) The government offered an initial plea deal of distribution and/or receipt of child pornography, which would have carried a mandatory minimum sentence of 15 years imprisonment, but indicated that, if no plea deal was reached, the government would pursue a charge of production of child pornography, which, given the circumstances, could have resulted in a 35-year mandatory minimum sentence. (*See* Ans., Ex. K, ECF No. 14-12.) After months of negotiations, the government made a "best and final" offer of a plea to possession of child pornography, which carried a mandatory minimum sentence of only ten years. (Ans., Ex. N, ECF No. 14-15.) Jacobs's counsel, David Schafer ("Schafer"), advised Jacobs by letter that there was "no chance of being acquitted of the possession or distribution charges at trial" and that he did not perceive any Fourth Amendment violations arising from the underlying searches and seizures. (*Id.*) In a subsequent letter, Schafer addressed Jacobs's expressed concerns over the propriety of the arrest and again advised Jacobs that it would be a disservice if he advised that there was "any chance whatsoever of having any of the evidence gathered against you suppressed, or to be acquitted at trial." (Ans. Ex. Q, ECF No. 14-18.) Jacobs appeared before Judge Joel A. Pisano on September 13, 2013, and accepted the plea deal. *United States v. Jacobs*, Crim. No. 13-601, ECF Nos. 18 & 27.

Jacobs filed his Motion to Vacate, Set Aside, or Correct his sentence on June 30, 2015, alleging that he received ineffective assistance of counsel. (ECF No. 1.) He filed an Amended Motion shortly thereafter. (ECF No. 6.) Jacobs primarily asserted that Schafer should have (1) sought suppression of evidence obtained in connection with his arrest, (2) sought suppression of evidence obtained via warrants, and (3) negotiated a conditional plea deal. (*See id.* ¶ 12.)

In addressing Jacobs's arguments, the Court found that Schafer was not ineffective by failing to argue for suppression of evidence, as the arresting officers had probable cause to arrest Jacobs and, in any case, the central evidence against him could not have been suppressed as "fruit of the poisonous tree." (ECF No. 23 at 17–20.) The Court further found that the search warrants were properly based on corroborated statements, law enforcement observations, and the victim's own statements. (*Id.* at 21–23.) As the Court concluded that any suppression motion would have failed, it found that Jacobs could not meet the prejudice factor required for ineffective assistance of counsel. (*Id.* at 20, 23.) The Court further found that Jacobs suffered no prejudice from Schafer's failure to seek a conditional guilty plea as the proposed suppression motions were meritless and, furthermore, there is no indication that the government would have agreed to a conditional plea. (*Id.* at 23–24.) Construing the Amended Motion as including an allegation that the plea was involuntary, the Court found no evidence that Schafer had coerced Jacobs into accepting the deal, noting that Schafer's correspondence emphasized that the choice was Jacobs's and that Jacobs gave a sworn statement at the plea hearing before Judge Pisano that the plea was knowing and voluntary. (*Id.* at 24–27.) Finally, the Court found no resulting prejudice from an alleged failure by Schafer, during the plea colloquy, to correct factual inaccuracies concerning when Jacobs learned M.E. was a minor. (*Id.* at 27–28.)

### III.     THE PRESENT MOTION

Shortly after the Court issued its Opinion and Order denying Jacobs's § 2255 motion, Jacobs filed the motion presently pending before the Court, which seeks relief from the final order under Federal Rule of Civil Procedure 60(b). (ECF No. 25.) The gist of the motion is that Jacobs's argument that the Court should have held an evidentiary hearing concerning whether Schafer provided ineffective assistance. (*See* ECF No. 25 at 4, 6, 11–12.) As in his original

4

motion, Jacobs argues that Schafer was ineffective by ignoring Fourth Amendment issues and failing to seek suppression of evidence. (*See id.* at 3–8.) Jacobs contends that Schafer's "only concern was to get a favorable guilty plea for all sides concerned to get a prior sex offender's criminal record of twice encountering minors off the street away from society[;] Regardless of his clients rights." (*Id.* at 5.)

Jacobs additionally argues that no evidence was submitted to the Court showing that M.E. was in fact a minor or establishing that the person interviewed was actually M.E. (*Id.* at 8–9, 10–12.) Jacobs argues that Schafer was incompetent by failing to prove M.E.'s identity and age, and he seems to suggest that Schafer should have hired investigators to determine whether "M.E. could have been an adult impersonating as a minor." (*Id.* at 11.) He further alleges that Schafer failed "to go to the scene of the crime and locate potential witness[]es." (*Id.*)

In response, the government argues that Jacobs improperly uses his motion simply as an attempt to reargue the issues already resolved by the Court. (ECF No. 26, at 1.) It contends that, as the Court has already considered and ruled on Jacobs's various arguments, any issue he has with the Court's rulings should be left to a properly filed appeal. (*Id.* at 1–2.)

## IV. ANALYSIS

As a general matter, "[a] Rule 60(b) motion is addressed to the sound discretion of the trial court guided by accepted legal principles applied in light of all the relevant circumstances." *Ross v. Meagan*, 638 F.2d 646, 648 (3d Cir. 1981) (internal quotation marks omitted), *abrogated on other grounds by Neitzke v. Williams*, 490 U.S. 319, 328 (1989). Jacobs's motion specifically cites Rule 60(b)(1) as the basis for relief. (ECF No. 25 at 2.) That subdivision permits that, "on motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P.

60(b)(1). In deciding a motion under Rule 60(b)(1), a court should consider, among other things, potential prejudice to other parties, whether the movant has a meritorious argument, and the level of the movant's culpability in bringing about entry of the underlying order or judgment. *See Mathias v. Superintendent Frackville SCI*, 876 F.3d 462, 473 (3d Cir. 2017), *cert. denied sub nom. Mathias v. Brittain*, ___ S. Ct. ___, 2018 WL 1509846 (2018); *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984); *see also Nara v. Frank*, 488 F.3d 187, 194 (3d Cir. 2007). As indicated by these factors, a motion under Rule 60(b)(1) is typically employed when an order or judgment has entered due to the movant's failure to take some action, such as when a failure to respond to a pleading results in entry of a default judgment. *See, e.g.*, *Nara*, 488 F.3d at 193–94 (considering failure to timely object to report and recommendation); *George Harms Constr. Co. v. Chao*, 371 F.3d 156, 163 (3d Cir. 2004) (considering failure to timely contest OSHA penalty); *Gold Kist, Inc. v. Laurinburg Oil Co.*, 756 F.2d 14, 19 (3d Cir. 1985) (considering setting aside default judgment).

Jacobs, so far as the Court can discern, does not in fact identify any mistake, inadvertence, or excusable neglect on his part that brought about the Court's prior decision. (*See* ECF No. 25.) Accordingly, Rule 60(b)(1) is does not apply to his arguments.

Rule 60(b) also contains a "catch-all" provision, permitting relief from a judgment or order upon "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under this provision requires the movant to show "extraordinary circumstances where, without such relief, an extreme and unexpected hardship would occur." *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140 (3d Cir. 1993); *see also Mathias*, 876 F.3d at 473; *Cox v. Horn*, 757 F.3d 113, 115 (3d Cir. 2014). This "catch-all" provision also does not warrant any relief on Jacbos's motion, as he has

neither undertaken to show nor shown extraordinary circumstances or "extreme and unexpected hardship."

Since Jacobs's primary contention rests the lack of an evidentiary hearing to determine the ineffective assistance of counsel, (*see* ECF No. 25), the Court also construe his motion as seeking reconsideration of the prior Opinion and Order. Motions for reconsideration are permitted under Local Civil Rule 7.1(i), but reconsideration is considered an extraordinary remedy and is granted only sparingly. *See Buzz Bee Toys, Inc. v. Swimways Corp.*, 20 F. Supp. 3d 483, 515 (D.N.J. 2014); *Andreyko v. Sunrise Senior Living, Inc.*, 993 F. Supp. 2d 475, 477 (D.N.J. 2014). A party seeking reconsideration must "set[] forth concisely the matter or controlling decisions which the party believes the Judge . . . has overlooked." L. Civ. R. 7.1(i). Motions for reconsideration are not intended as opportunities to reargue old matters or raise issues that could have been raised previously. *See Andreyko*, 993 F. Supp. 2d at 477–78; *P. Schoenfeld Asset Mgm't LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352 (D.N.J. 2001). Thus, the movant has the burden of demonstrating one of three bases for reconsideration: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [rendered its original decision]; or (3) the need to correct a clear error of law or fact or to prevent a manifest injustice." *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999).

Jacobs's motion does not allege an intervening change in law or the discovery of new evidence, and the Court thus construes it as asserting a clear error of law or fact. *See Max's Seafood Cafe*, 176 F.3d at 677. As noted above, Jacobs mainly contends that the Court erred by not holding an evidentiary hearing regarding Jacobs's ineffective-assistance-of-counsel claims. An evidentiary hearing would have added nothing to the proceeding, however, as there were no

relevant, contested factual issues that required resolution. The Court denied the bulk of Jacobs's ineffective-assistance arguments on the basis that he had failed to show prejudice, as there was no legal basis to suppress the evidence against him, no basis to find that a conditional plea would have been successful, and no harm resulted from any alleged factual inaccuracies during the plea colloquy. (*See* ECF No. 23 at 17–24, 27–28.) Jacobs's arguments as to what additional efforts Schafer should have made, such as hiring investigators to confirm M.E.'s age or trying to locate additional witnesses, are not relevant to the analysis of resulting prejudice, because Jacobs has demonstrated that such efforts would have altered his plea deal or sentence.[1] To the extent Jacobs argued that his plea was coerced, the Court not only credited Schafer's affidavit regarding his communications regarding the plea, but also observed that Judge Pisano thoroughly confirmed with Jacobs during the plea hearing that his plea was knowing and voluntary. (*Id.* at 24–27.) Accordingly, an evidentiary hearing could not have benefitted Jacobs, and, construing the present motion as seeking reconsideration, it must be denied.

## V. CONCLUSION

For the foregoing reasons, Jacobs's motion, whether construed as seeking relief under Rule 60(b) or simply as seeking reconsideration of the Court's prior Opinion and Order, (ECF No. 25), is DENIED. An appropriate Order will be entered.

DATED: May 10, 2018

/s/ Freda L. Wolfson
FREDA L. WOLFSON
United States District Judge

---

[1] For example, Jacobs's contention that M.E. may have actually been an adult impersonating a minor is entirely speculative and without any factual support before the Court.